```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| NAOMI GASKIN-EL<br><br>           Plaintiff,<br><br>-against-<br><br>1199SEIU NATIONAL BENEFIT FUND,<br><br>           Defendant. | No. 24-CV-1169 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Plaintiff's letter requesting the Court preclude Defendant from asserting an undue hardship defense in the above-captioned action (dkt. no. 25), Defendant's opposition letter (dkt. no. 28), and Plaintiff's letter in reply (dkt. no. 30).  The Court is also in receipt of Defendant's pre-motion letter regarding its intended motion for summary judgment (dkt. no. 26), Plaintiff's opposition letter (dkt. no. 27), and Defendant's letter in reply (dkt. no. 29).

Plaintiff's request for the Court to preclude Defendant from asserting an undue hardship defense is DENIED.  There is no requirement in the Second Circuit that a defendant in a Title VII discrimination case must specifically plead an undue hardship defense.  See Kreisler v. Humane Society of N.Y., No. 16-CV-8177, 2017 WL 11568964, at *2 (S.D.N.Y. Dec. 20, 2017).  Any undue hardship defense that Defendant offers will be evaluated on the merits in due course.

Defendant's request to file a motion for summary judgment is GRANTED. In opposing Defendant's request to file a motion, Plaintiff argues that questions regarding her sincerity should be reserved for the jury, relying on Gardner-Alfred v. Fed. Rsrv. Bank of New York, 143 F.4th 51, 64 (2d Cir. 2025). (See dkt. no. 27 at 1-2.) At this stage, however, all the Court has determined is that Plaintiff sufficiently alleged a bona fide religious belief for the purposes of surviving Defendant's motion to dismiss. As the Court previously outlined, whether Plaintiff had a genuinely religious reason for objecting to the COVID-19 vaccine is a question for the parties to explore in discovery. (See dkt. no. 22 at 19.) In evaluating Defendant's motion for summary judgment, the Court's role is to determine as a matter of law whether Plaintiff raises a genuine dispute of material fact regarding the sincerity of her religious beliefs sufficient to merit a trial. Plaintiff has not demonstrated a sufficient basis for the Court to bypass this inquiry.

Instead of a joint proposed pretrial order, which was previously due on August 18, 2025, the parties shall jointly submit a proposed briefing schedule on Defendant's motion for summary judgment no later than August 11, 2025.

**SO ORDERED.**

Dated:     August 4, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge